UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANCIS E. ARENELLA
          Plaintiff,

                                        CIVIL ACTION
          v.                            NO. 12-12068-DPW

MALDEN DISTRICT COURT,
          Defendant.


MEMORANDUM AND ORDER
December 7, 2012

WOODLOCK, D.J.

I.    INTRODUCTION

On November 2, 2012, plaintiff Francis E. Arenella ("Mr. Arenella"), a pretrial detainee in custody at the North Central Correctional Institution at Gardner ("NCCI Gardner"), filed a skeletal self-prepared complaint against the Malden District Court.  He alleges that the Malden District Court Clerk's Office failed to follow correct protocol, thereby violating his constitutional rights.  Specifically, he claims the Clerk's Office failed to provide him certification of three motions filed by him, including: (1) a Motion for a Speedy Trial; (2) a Motion for Discovery; and (3) a Motion for Copies of Sworn Statements from the Victim.  He contends that he has a right to speedy trial, and that the Malden District Court has not provided him with one.  As relief, he requests that this court "bring the Clerk's office into Court and explain theit [sic] actions in from [sic] of a Federal Judgeon [sic] why they Violated My Constitutional Rights."  Compl. at 1.  Attached to the complaint

was a copy of his *pro se* request for a continuance of trial and a waiver of speedy trial rights because of alleged ineffective assistance of counsel and "Lack of Responsibility" by the Clerk's Office.

Mr. Arenella failed to pay the $350.00 filing fee for this action or to seek a waiver thereof.

On November 23, 2012, plaintiff filed a Letter (Docket No. 5) in which he reiterates his claims regarding the Malden District Court and his lack of a speedy trial.  He seeks complaint forms from this Court or to construe his letter as a complaint.

II. DISCUSSION

    A.   <u>The Filing Fee for Civil Actions</u>

A party bringing a civil action must either (1) pay the $350.00 filing fee, *see* 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, *see* 28 U.S.C. § 1915 (proceedings *in forma pauperis*).  Where, as here, the plaintiff is a prisoner (as defined by 28 U.S.C. § 1915(h)), a motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint ... obtained from the appropriate official of each prison at

which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).[1]

Accordingly, I will direct that, within 21 days of this Memorandum and Order, Mr. Arenella either shall (1) pay the $350.00 filing fee; or (2) file an application to proceed *in forma pauperis* accompanied by a certified prison account statement. Failure to comply with this directive may result in the dismissal of this action.

For the convenience of litigants, this court provides a form application to seek leave to proceed *in forma pauperis*. The Clerk shall provide plaintiff with an Application to Proceed in District Court Without Prepaying Fees or Costs.

The Clerk shall also send a copy of this Memorandum and Order to the Treasurer's Office at NCCI Gardner in order to facilitate any request for a certified prison account statement. The court requests that the Treasurer's Office include in any prison account statement Mr. Arenella's average monthly deposits for the six-month period preceding the date the complaint was

---

[1]Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the $350.00 filing fee, notwithstanding the grant of *in forma pauperis* status. Based on the information contained in the prison account statement, I will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, *see* 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the fee, *see McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

filed, as well as the average monthly balance for that same period.

      B.    <u>Screening of the Complaint</u>

Because Mr. Arenella is a prisoner, he is subject to the provisions of the Prison Litigation Reform Act.  The Prison Litigation Reform Act of 1995 ("PLRA"), Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996), enacted several provisions which grant the court the authority to screen and dismiss prisoner complaints.  *See* 28 U.S.C. § 1915 (proceedings *in forma pauperis)*; 28 U.S.C. § 1915A (screening of suits against governmental officers and entities).

Section 1915A authorizes the Court to review prisoner complaints in civil actions in which a prisoner seeks redress from a governmental entity, or officers or employees of a governmental entity, and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if the complaint lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A.

Here, Mr. Arenella has not yet been allowed to proceed *in forma pauperis*, and therefore the screening of his complaint is conducted under the auspices of 28 U.S.C. § 1915A only.  In connection with the preliminary screening, his *pro se* complaint is construed generously.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980);

*Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. U.S. Dept. of Education*, 209 F.3d 18, 23 (1st Cir. 2000). However, even under a broad reading, his claims are subject to dismissal for the reasons set forth below.

      C.    <u>Lack of *Respondeat Superior* Liability</u>

      Here, Mr. Arenella has named the Malden District Court as a defendant. In the body of the complaint, however, he appears to include the Malden District Court Clerk's Office as a party. In any event, he fails to state plausible civil rights (due process) claims under 42 U.S.C. § 1983 against either the Malden District Court or the Malden District Court Clerk's Office because these two entities are not liable under § 1983 under a *respondeat superior* liability.[2]  *See Capozzi v. Department of Transp.*, 135 F. Supp. 2d 87, 98 (D. Mass. 2001)(citing *Ruiz Rivera v. Riley*, 209 F.3d 24 (1st Cir. 2000)). "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable'" under § 1983. *Velez-Rivera v. Agosto-Alicea*, 437 F.3d 145, 156 (1st Cir. 2006)(quoting *Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st

---

[2]As an additional matter, plaintiff does not seek monetary damages as relief. Presumably, he is seeking some unspecified prospective injunctive relief in addition to a hearing in federal court. I need not address the issues of sovereign immunity raised by the claims; however, I note that the Malden District Court and the Malden District Court Clerk's Office are not suable entities; as instrumentalities of the state, and plaintiff has not named any public official to whom an injunction could be issued.

Cir. 2005)).

    D.   <u>Failure to Comply With Fed. R. Civ. P. 8</u>

    To the extent that Mr. Arenella seeks to hold liable any individual clerks (or other employees) of the Malden District Court or its Clerk's Office, he fails to set forth plausible claims upon which relief may be granted, in accordance with Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(alteration in original)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005). It must afford the defendant(s) a "[']meaningful opportunity to mount a defense,'" *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004)(quoting *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)). *See also Redondo-Borges v. U.S. Dept. of Housing and Urban Dev.*, 421 F.3d 1, 5 (1st Cir. 2005). "In a civil rights action as in any other action ...., the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule

8(a)(2) are minimal . . .[,] 'minimal requirements are not
tantamount to nonexistent requirements.'" *Id.* (quoting *Gooley v.
Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)).

Here, apart from the failure to identify the individuals who
allegedly failed to provide him with certification of three of
his motions, Mr. Arenella also fails to set forth the date(s) and
other relevant information (*i.e.* the why) necessary to state a
plausible civil rights claim.  As pled, he alleges the failure to
follow protocols of the Clerk's Office, and the "malfeasance" of
the Clerk's Office; however, these assertions, at best, raise
negligence (state tort) claims rather than civil rights
violations.[3]  Further, Mr. Arenella fails to set forth
circumstances from which it could be inferred that he complied
with the requirements of the Clerk's Office such that staff had a
duty, or knowledge of a duty, under existing protocols to provide
such certification (*e.g.*, that he paid the requisite copy and
certification fees, if any is required by that court).  Finally,
plaintiff fails to set forth circumstances that would require
court staff provide the requested discovery (victim statement) to
him.  That duty seemingly would fall on the District Attorney's
Office.

---

[3]Absent a plausible federal claim, I cannot find that there
is subject matter jurisdiction over an action alleging only state
claims insofar as it is presumed that any defendant would not be
of diverse citizenship.  *See* 28 U.S.C. § 1332.

E.    <u>Plaintiff Has An Adequate State Remedy</u>

Mr. Arenella cannot state a plausible civil rights claim for denial of due process, where he has not alleged that he does not have an adequate state court remedy available to him. *See Zinermon v. Burch*, 494 U.S. 113, 126 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981); *O'Neill v. Baker*, 210 F.3d 41, 50 (1st Cir. 2000); *Riordan v. Martin*, 51 F.3d 264, 1995 WL 146215 at *1 (1st Cir. 1995)(unpublished disposition)("Since inadequacy of the state's remedy is a material element of the § 1983 claim, plaintiff had the burden of setting forth supporting factual allegations, either direct or inferential, to sustain an actionable legal theory." *citing Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)).

While plaintiff has alleged that the Clerk's Office will not provide him with copies of his three *pro se* motions, he has not alleged that he sought relief from the judge presiding over his criminal case (as, for example, by filing a motion to compel copies of court documents or discovery to be provided by the Clerk, the District Attorney, or his defense attorney).

F.    <u>Abstention Bars Claims Relating to Plaintiff's State Criminal Case</u>

While plaintiff expressly complains only about the inability to receive copies of documents from the court, his underlying allegations relate to asserted rights as a criminal defendant,

such as the right to a speedy trial, discovery of evidence, and other matters involving his criminal defense.  It appears that Mr. Arenella is implying that the Malden District Court or the Malden District Court Clerk's Office is interfering substantively with his criminal defense.

Thus, to the extent that this complaint actually seeks relief in the form of some federal court interference with the criminal proceedings, the doctrine of abstention seemingly would bar plaintiff's claims.  *See generally Younger v. Harris,* 401 U.S. 37, 46 (1971); *In re Justices of the Superior Court,* 218 F.3d 11, 16 (1st Cir. 2000).  Under this doctrine, a federal court should abstain from reaching the merits of a case over which it otherwise has jurisdiction when the requested federal relief would interfere with: (1) an ongoing state judicial proceeding, instituted prior to the federal proceeding (or, at least, instituted prior to any substantial progress in the federal proceeding); that (2) implicates an important state interest; and (3) provides an adequate opportunity for the plaintiff to raise the claims advanced in his federal lawsuit. *See generally Rossi v. Gemma,* 489 F.3d 26, 34-35 (1st Cir. 2007); *Brooks v. New Hampshire Supreme Court,* 80 F.3d 633, 638 (1st Cir. 1996) *(citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)).  Under the circumstances alleged here, it appears that all three requirements for *Younger* abstention are satisfied.

9

G.     <u>The Letter Requesting Complaint Forms or Other Relief</u>

For the reasons set forth above, I will <u>DENY</u> plaintiff's request for relief.  Although a sample complaint form is available to *pro se* litigants (as part of this Court's Step-By-Step Guide), this Court does not have a standard form.  Nevertheless, the Clerk shall send plaintiff the Step-By-Step Guide.

I will <u>DECLINE</u> to construe plaintiff's Letter (Docket No. 5) as a new complaint.  First, it fails to comport with the pleading requirements of Rule 8.  Second, plaintiff has not submitted the $350.00 filing fee or sought a waiver thereof with respect to his Letter.  Moreover, it is unclear whether plaintiff intended to obligate himself to pay a second $350.00 filing fee pursuant to 28 U.S.C. § 1915(b).  Finally, construction of this Letter as a new complaint could prejudice plaintiff in connection with the three-strikes rule of 28 U.S.C. § 1915(g).

III. ORDER TO SHOW CAUSE

In light of the above, in addition to the directive to satisfy this court's filing fee requirements, Mr. Arenella will be ordered to demonstrate good cause in writing within 42 days why this action should not be dismissed for the reasons stated herein.  In demonstrating good cause, he should not reiterate his allegations; rather, he should address the various legal impediments to his claims (*i.e.,* lack of *respondeat superior*

10

liability, failure to comply with Rule 8, lack of an inadequate

state remedy, and abstention).

Failure to comply with this directive will result in a

dismissal of this action.

IV.   CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1.   Within 21 days of the date of this Memorandum and Order,
     plaintiff shall pay the $350.00 filing fee or he shall file
     a Motion for Leave to Proceed *in forma pauperis* along with
     his certified prison account statement for the six-month
     period preceding the filing of his complaint, failing which,
     this action will be dismissed;

2.   Within 42 days of the date of this Memorandum and Order,
     plaintiff shall demonstrate good cause in writing why this
     action should not be dismissed for the reasons stated
     herein, failing which, this action will be dismissed;

3.   Plaintiff's Letter (Docket No. 5) seeking relief is DENIED,
     and this Court DECLINES to construe the Letter as a new
     civil action.


SO ORDERED.

                              /s/ Douglas P. Woodlock
                              DOUGLAS P. WOODLOCK
                              UNITED STATES DISTRICT JUDGE